* Kirkpatrick, O. JK
This is an action of trespass for breaking the close, and taking and carrying away the goods of the plaintiff.
The defendant, John A. Berry, avers in his defence, and for plea says, that the close broken, and the goods taken and carried away, were the proper close and goods of one *98 James Callet; that, for the recovery of a debt due to him from the said James Callet, he had sued out a writ of attachment, and delivered the same to Samuel IT. Berry, the other defendant, who was the sheriff of the county of Bergen, to be executed; and that he, together with the said Samuel PI. Berry, and as his assistant, and by his command, entered and aided the said sheriff to attach the said goods; and that this is the trespass, &c.
To this plea the plaintiff, protesting the writ of attachment, &c., replies de injuria sua propria absquej, residuo talis causee, &cJ, and to this replication there is a^emurrer, cum causa, and a joinder in demurrer. \f
Crogate’s case (8 Co. 66, b.fwas trespass for driving the plaintiff’s cattle from their pasture. The defendant pleaded property in a third person, and that he, as his servant, and by his commandment, drove the cattle, &c. The plaintiff replied de injuria, &c., and it was demurred.
In the argument of this case, (Crogate’s,) it seems to have been fully admitted by the plaintiff, that if the defendant, in his plea, had claimed any interest in himself in the pasture, the replication would have been bad; but it is insisted, that he did not claim such interest, but justified by force of a commandment from a third person who had title, and so that the replication, de injuria, should have reference to the commandment only, and not to the other part of the plea which sets up the title. But it was adjudged that-the absque tali causa necessarily refers to the whole plea, the title as well as the commandment, and so that the replication w7as bad. And it was there further .resolved, that where the defendant sets up, in his plea, any interest in the land, either in his own right, or as servant to another, de injuria, &c., without more, is not a good replication; for that though, in some particular cases, it had been admitted, yet it was with a traverse of the commandment; which is not done here. And it is said, that a replication de injuria, &c., is properly made only where the defendant’s plea doth *99 consist of mere excuse, and of no naatter of interest whatsoever; that is, as I understand it, when the * defendant .admits the thing charged to have been a trespass in its nature, but sets up certain concomitant circumstances which the law considers as an excuse or justification, there the plaintiff may reply generally de injuria, &o.; but where the defendant denies the thing charged to have been a trespass ,at all, for that the very close broken, and goods taken, were the property of himself, or of another, by whose authority he acted, and so that it could, not be a trespass upon the plaintiff; there the plaintiff cannot reply generally de injuria, &c., but must traverse the right or interest set up.
The decision in this case (Crogate’s) seems to me to be recognized as law in all the books to which I have had access, down till this day; and rightly so, because they are founded in sound sense, and the reason of things. The substance of the plea in this case is, that the property belonged to Callet, and that, standing without denial, and, of course, being admitted, the replication de injuria, &c., is no answer to the plea; nay, indeed, it cannot be true; for if the close and property belonged to Callet, (which is not denied) the breaking and entering, and the taking and carrying away, could be no injury to the plaintiff. It is always necessary, therefore, in such cases, to traverse the title or interest set up in the plea, and so to put the whole in issue. It will not be pretended, I presume, that the entry here, being by the authority of the law, and not by the authority of Callet, 'in whom the property is pleaded, can make any difference. For the writ of attachment being admitted by the protestando, if the property was really in him against whom the writ was taken, there can bo no doubt but that tho defendants had a perfect right, on the ground of that property, to enter and attach.
Besides this, the same objection lies to this replication that was raised by the court against that in Crogate’s case. *100 The issue is full of multiplicity of matter, putting in. ques-tion everything not admitted by the protestando; whereas an issue ought to be single, terminating in one point.
I think, therefore, the replication is bad, and that .there must be judgment for the defendant upon the demurrer. '
^EoKtí, J.
The replication, in this case, protests the making and filing of an affidavit, the issuing an and delivery thereof to the sheriff, thereby admitting these facts, as set forth *in the plea; and then all other facts in the plea together, by de injuria sua propria absque tali causa; thus it involves, in one issue, the various facts of Callet’s residence out of the state, his being indebted to the defendant, his right and title to the goods, and the levying of the attachment. Uow the may take this general traverse in. some cases, and it may not take it in others. One of the excepted cases where it cannot be allowed, is stated in 1 Bur. 317; and that is where matter of title would be included under the absque tali causa; and. the cases collected in Qhit. 582, shew that such traverse is inadmissible where a right to personal would come within it. But Oallet’s right and title to the goods is mixed with all the other facts not covered by the protestando, instead of its being traversed in a simple issue by itself, as it must be if it is meant to be disputed ; therefore the general traverse in this instance is wrong, according to all the cases; and the replication must be set aside.
ROSSELL, J., concurred.
Judgment for defendant, the demurrer sustained.